FIRST NATIONAL BANK OF MISSOULA, APPEL-
LANT, *v.* BAILEY, COUNTY TREASURER, RESPONDENT.

[Submitted February 4, 1895.   Decided February 11, 1895.]

TAXATION—*Construction of Revenue Act—Assessment of bank shares.*—Section 6
of the Revenue Act of March 6, 1891, provides that stockholders of banks must
be assessed and taxed on the value of their shares, and, to aid the assessor in
determining their value, it also requires the cashier or other accounting officer
of the bank to furnish the assessor a verified statement showing the amount
and number of shares, the amount of the bank's surplus or reserve fund, and
the amount of investments in real estate, and this requirement is not met by
furnishing a printed assessment-list, such as is required by law to be made
out and returned to the assessor, indorsed "Assessment-list of property subject
to taxation, owned, claimed, or in possession or control of " a designated bank,
and containing a list of the real estate, improvements thereon, capital stock.
surplus, and undivided profits, with the amounts and value of all of said prop-
erty, with a deduction of one-third of the value thereof claimed by the cashier.
It cannot be held that such tax-list is simply a "verified statement," to aid the
assessors in assessing the individual shareholders.
SAME—*Relief afforded by board of equalization—Injunction.*—When the law has
provided boards of equalization, with power to adjust or correct assessments,
parties who are dissatisfied with the assessment of their property must apply
to them, in the first instance, for relief, and courts of equity will not interfere
by injunction to restrain an irregular or illegal assessment until such relief
has been sought and denied. (*Northern Pacific Railroad Co. v. Patterson,*
10 Mont. 90, cited.)
SAME—*Same—Insufficiency of complaint.*—A complaint seeking to enjoin the
collection of a tax, on the ground of irregularity or illegality in the assess-
ment, which fails to show that the complainant had first sought relief before
the board of equalization, will be held bad on demurrer.
SAME—*Injunction to restrain collection of taxes denied.*—In the case at bar the
plaintiff bank having returned its list of property that it did own for taxation,
and having included in such list property that it did not own, and for the taxa-
tion of which it was not liable, should have applied to the board of equaliza-
tion to correct such list, and for relief from the payment of the taxes complained
of, and, having failed so to do, it is not entitled to equitable relief by injunc-
tion restraining the collection of the taxes.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION to enjoin the collection of taxes. Judgment was rendered for the defendant by WOODY, J. Affirmed.

Statement of the case by the justice delivering the opinion:

This is an action for an injunction to enjoin the collection of taxes. Plaintiff in its complaint alleges that on the —— day of ——, 1893, in accordance with section 6 of "an act concerning revenue" of the laws of Montana, approved March 6, 1891, it furnished the assessor of Missoula county a verified statement of the amount and number of shares of the capital stock of said bank, its surplus and reserve fund, and the amount of its investments in real estate, a copy of said statement being attached to the complaint as exhibit "A" and made part thereof. That the books of said bank show the names of all the shareholders, their residences, and the number of shares owned by each; that said books were at all times open to the inspection of said assessor to aid him in assessing said shareholders; that the verified statement aforesaid was furnished to said assessor by the bank to aid him in ascertaining the number of shares of the stock of said bank, fixing the value that the same should be assessed to the individual shareholders; that the assessor did not use the same for the purpose for which it was furnished, but entered and returned the same as the assessment against said bank for the full amount thereof, to wit: four hundred and seventy thousand dollars; that it had no notice or knowledge that said assessment had been made against it until after the board of equalization of said county had met and adjourned after equalizing the taxes for the year 1893, nor until after the tax lists for that year had been certified to the treasurer of said county, and only received notice thereof when the treasurer notified it to pay taxes on said amount; that having received no notice of said assessment it did not appear before the board of equalization for the purpose of having the same corrected; that having declined to pay said taxes, the treasurer of said county advertised all of the real estate of plaintiff for sale for the whole amount of taxes assessed against it on said amount of four hundred and seventy thousand dollars; that plaintiff protested in writing against the alleged illegality of said assessment and the sale

of said property for taxes; that said protest was served on the treasurer of said county before the day of sale, but that said treasurer, disregarding said protest, is threatening to sell, and will sell, said property unless enjoined from so doing; that said assessor did not assess to the shareholders the value of the number of shares owned by each, but assessed the whole thereof with the other property contained in said verified statement to the plaintiff; that plaintiff, on the first day of December, 1893, offered to pay said treasurer the sum of fifteen hundred and twelve dollars and fifty cents, the amount of taxes due on the real estate of said bank; that the treasurer refused to accept the same; that plaintiff is now willing to pay said amount of taxes due on said real estate; that said treasurer has advertised for sale, and will sell, the real estate of the plaintiff for the whole amount of taxes assessed against the capital stock, surplus and undivided profits and real estate of plaintiff unless enjoined by the court. An order to show cause why an injunction should not issue was made with temporary restraining order.

The defendant demurred to the complaint of plaintiff on the ground that it did not state facts sufficient to entitle it to the relief demanded or any relief. The demurrer was sustained by the court, an injunction denied, the temporary restraining order vacated, and plaintiff's complaint dismissed.

*Marshall & Corbett,* for Appellant.

*I. G. Denny, Joseph M. Dixon, Ella L. Knowles,* and *H. J. Haskell,* for Respondent.

Upon the subject of deductions and exemptions allowed a taxpayer in the assessment of shares of bank stock the following authorities are cited. (*Bressler* v. *County of Wayne,* 32 Neb. 845; *Mercantile Bank* v. *Mayor,* 121 U. S. 138; *Miles* v. *Shaw,* 50 Ohio St. 222; *Supervisors* v. *Stanley,* 105 U. S. 315; *Hills* v. *Exchange Bank,* 105 U. S. 321; *Stanley* v. *Supervisors,* 121 U. S. 545; *Adams* v. *Nashville,* 95 U. S. 21.) The rule laid down in *People* v. *Weaver,* 100 U. S. 539, has no application to the case at bar. The capital stock of a bank invested in United States securities may be taxed. (*Paul* v. *McGraw,*

3 Wash. 303; *National Bank* v. *Commonwealth*, 9 Wall. 353; *Lionberger* v. *Rouse*, 9 Wall. 473; *Van Allen* v. *Assessors*, 3 Wall. 573; *Evansville Bank* v. *Britton*, 105 U. S. 324.) In this case the plaintiff is estopped from alleging that it had no knowledge of its assessment, for the reason that the constitution and the statute provide that all property must be taxed. (*Meyer* v. *Rosenblatt*, 78 Mo. 496.) The board of review is a tribunal provided by law, in which the taxpayer may appear to contest an unequal or excessive assessment, and his failure so to appear estops him from assailing the assessment afterwards. (*Comstock* v. *Grand Rapids*, 54 Mich. 641; *First Nat. Bank* v. *St. Joseph*, 46 Mich. 526; *Township of Caledonia* v. *Rose*, 94 Mich. 218; *Smith* v. *Marshalltown*, 86 Iowa, 516; *Swenson* v. *McLaren*, 21 S. W. Rep. 300; *Hubbard* v. *Winsor*, 15 Mich. 154; *Motz* v. *Detroit*, 18 Mich. 496; *Tash* v. *Adams*, 10 Cush. 252; *Sleeper* v. *Bullen*, 6 Kan. 300; *Rep. Ins. Co.* v. *Pollak*, 75 Ill. 300; *Pease* v. *Whitney*, 8 Mass. 93; *Nelson* v. *Pierce*, 6 N. H. 194; *Kinsworthy* v. *Mitchell*, 21 Ark. 145.) The weight of authority is adverse to equitable interference in the collection of taxes. (High on Injunctions, 3d ed., 485; Cooley on Taxation, 2d ed., 760; *Union Trust Co.* v. *Weber*, 96 Ill. 346; *Albuquerque Nat. Bank* v. *Perea*, 25 Pac. Rep. 776; *Davenport Bank* v. *Davenport*, 123 U. S. 85; *Winfield Bank* v. *Nipp*, 47 Kan. 744; *Bank of Santa Fe* v. *Buster*, 50 Kan. 356; *Railroad Co.* v. *Patterson*, 10 Mont. 106; and see *Stanley* v. *Supervisors, supra; Palmer* v. *McMahon*, 133 U. S. 660; *Merrill* v. *Gorham*, 6 Cal. 41; *Oregon etc. Bank* v. *Jordan*, 10 Or. 113; *Stewart* v. *Maple*, 70 Pa. St. 221; *Brooks* v. *Shelton*, 47 Miss. 243; *Davis* v. *Macy*, 124 Mass. 193; *Preston* v. *Johnson*, 104 Ill. 625; *Tripp* v. *Insurance Co.*, 12 R. I. 435; *Commissioners etc.* v. *Davis*, 6 Mont. 315.) And a taxpayer, who does not appear on grievance day to object to an assessment, cannot, after the confirmation of the tax, avail himself of the remedy by certiorari. (*Slate* v. *Sadler*, 31 Nev. 13; *People* v. *Adams*, 125 N. Y. 471; *People* v. *Commissioners*, 99 N. Y. 257; *People* v. *Dolan*, 11 N. Y. Supp. 38.) The law affords an adequate and appropriate remedy, and equity only interferes where there is no remedy at law. (Desty on Taxation, 661; High on Injunctions, 486; *Brewer* v. *City of*

*Springfield*, 97 Mass. 154; *Hennewinkle* v. *Mayor etc.*, 11 Wall. 548; *State Railroad cases*, 92 U. S. 575; *Dows* v. *Chicago*, 11 Wall. 108; *Erskine* v. *Von Arsdale*, 15 Wall. 75; *Wells, Fargo & Co.* v. *Dayton*, 11 Nev. 161; *Brewer* v. *Springfield*, 97 Mass. 154; *County of Cook* v. *Railroad Co.*, 35 Ill. 466.)   To entitle the plaintiff to equitable relief, it must appear in addition to the illegality, voidness, and irregularity of the taxes complained of, that the enforcement of the tax would lead to a multiplicity of suits, produce irreparable injury, throw a cloud upon the title, or some recognized foundation of equity jurisdiction.   (Cooley on Taxation, 760; *Green* v. *Mumford*, 5 R. I. 472; 73 Am. Dec. 79; *Savings & Loan Soc.* v. *Austin*, 46 Cal. 489; *Houghton* v. *Austin*, 47 Cal. 647; *Central Pac. R. R. Co.* v. *Corcoran*, 48 Cal. 65; *Burr* v. *Hunt*, 18 Cal. 304; *Hollister* v. *Sherman*, 63 Cal. 39; *Pixley* v. *Huggins*, 15 Cal. 124; *Lick* v. *Ray*, 43 Cal. 88; *Santa Barbara* v. *Stearns*, 51 Cal. 501.)   The assessment of the capital stock of a national bank made to the bank *in solido* is valid.   (*First Nat. Bank* v. *Chehalis County*, 6 Wash. 64; *National Bank* v. *Commonwealth*, *supra*.)   The plaintiff does not bring its case within any well-known rule so as to raise the contention that the assessment is irregular in this: that the property of the bank has been assessed higher than other "moneyed capital."   "Stock in banks, and other investments in stocks and securities, money put out at interest, are included in the descriptive term of moneyed capital."   (*Hepburn* v. *School Directors*, 23 Wall. 484; *Mercantile Bank* v. *New York*, 121 U. S. 155; *Evansville Bank* v. *Britton*, *supra*.)   For assessment purposes the nominal value of bank shares is the true value.   (*Stanley* v. *Supervisors etc.*, *supra; Alexander* v. *Thomas*, 70 Miss. 518.)   A main ground for reversal relied upon by the appellant is that exhibit "A," which was accepted by the assessor as an assessment-list, was simply a statement required by section 6 of the Revenue Law; that a list of the stockholders was open to the inspection of the assessors at all times in the bank to enable him to ascertain to whom the stock should be assessed.   "Where the officers of a national bank have furnished the county assessor a statement giving the amount of its paid-up capital stock, etc., mandamus will not lie to compel such bank officers to furnish the assessor

with a list of the stockholders, as such lists are not necessary for making a proper assessment of the shares of capital stock." (*Paul* v. *McGraw, supra.*)    In support of the contention by the state that the complaint is insufficient and does not state facts sufficient to constitute a cause of action and warrant the relief prayed for, the following authorities are cited.    (*Dear* v. *Varnum*, 80 Cal. 86; *National Bank* v. *Kimball*, 103 U. S. 732; *Hill* v. *Exchange Bank*, 12 Fed. Rep. 95; *Bratton* v. *Town of Johnson*, 76 Wis. 432.)    A taxpayer who asks that the collection of a tax assessment be enjoined must pay or tender the sum rightfully assessed.    (*Smith* v. *Rude*, 131 Ind. 151; *Morrison* v. *Jacoby*, 114 Ind. 84; *Logansport* v. *Case*, 124 Ind. 254; *Hewett* v. *Fenstamaker*, 128 Ind. 315; *Board etc.* v. *Dailey*, 115 Ind. 360; *South Bend* v. *University etc.*, 69 Ind. 344.)    "In an action to restrain by injunction the collection of a tax complained of as erroneous, a complaint which does not aver that the plaintiff sought the redress provided for in the statute, or tendered the amount admitted to be due, is bad on demurrer."    (*Railroad Co.* v. *Patterson, supra.*)

PEMBERTON, C. J.—The verified statement which plaintiff claims in its complaint it furnished the assessor to aid him in ascertaining the number of shares of the stock of the bank, and in fixing the value at which the same should be assessed to the individual shareholders, is attached to the complaint as an exhibit and made part of the pleading.    This paper is an assessment-list such as is required by law to be made out and returned to the assessor.    It is printed, and on the back thereof is this endorsement: " Assessment-list of property subject to taxation owned, claimed, or in possession or control of First National Bank at 12 M. on the first Monday of March, 1893," and is sworn to by the cashier of the plaintiff bank.    This list contains a list of the real estate, improvements thereon, capital stock, surplus and undivided profits, with the amounts and value of all of said property, with a deduction of one-third of the value thereof claimed by the cashier.    From an inspection of this tax-list, which is a part of the complaint, we think it cannot be held that it is simply a " verified statement " to aid

the assessor in assessing the individual shareholders, as claimed by plaintiff.

Section 6 of the Revenue Law, approved March 6, 1891, is as follows:

" SEC. 6. The stockholders in every bank or banking association, organized under the authority of this State or the United States, must be assessed and taxed on the value of their shares of stock therein, in the county, town, city or district where such bank or banking association is located, and not elsewhere, whether such stockholders reside in such place or not. To aid the assessor in determining the value of such shares of stock the cashier or other accounting officer of every such bank must furnish a verified statement to the assessor, showing the amount and number of shares of the capital stock of each bank, the amount of its surplus or reserve fund, the amount of investments in real estate, which real estate must be assessed and taxed as other real estate."

It may be conceded that the assessment of the capital stock of the bank to, and as the property thereof, was unauthorized in this case under said section. The bank had a right to object to this assessment. But it appears that it returned in its list of property for taxation its capital stock as property owned, possessed, or controlled by it. And, if it objected or desired to object to being thus assessed, it should have gone before the board of equalization and had the correction made.

It is contended by appellant that the board of equalization had no authority to make this correction. It is the duty of this board to " examine the assessment-book and adjust and equalize the valuation of the taxable property of the county." We do not think it can be successfully contended that under the law this board has no authority to correct an assessment when property has been assessed to a party which he does not own, or when there has been a double assessment, or property exempt from taxation has been assessed, etc. The most that can be said in this case is that property has been assessed to plaintiff which it claims it does not own, and is therefore not liable for the taxes thereon. If such be the fact the plaintiff should have gone before the board of equalization for relief. In its complaint it gives no sufficient reason for not doing so.

This court held in *Northern Pacific R. R. Co.* v. *Patterson*, 10 Mont. 90, that a complaint, seeking to enjoin the collection of a tax on the ground of irregularity or illegality in the assessment thereof, which did not show that the complainant had first sought relief before the board of epualization, was bad on demurrer. (See also authorities cited in that case.)

In *Bourne* v. *Boston*, 2 Gray, 494, Mr. Justice Bigelow says: "The plaintiff was not legally taxable for the property held by him as trustee, but he was taxable for the property of his ward in the city of Boston, and therefore a portion of the tax which in this action he seeks to recover back was rightly assessed to him. This would seem to bring the case within the principle, now well settled by the authorities, that, where a person is liable to taxation for personal and real estate in a city or town, his sole remedy, for an overtaxation caused by an excessive valuation of his property, or by including in the assessment property of which he is not the owner, or for which he is not liable to taxation, is by an application to the assessors for an abatement."

It seems to be the well-settled rule that, when the law has provided boards of equalization with power to adjust or correct assessments, parties being dissatisfied with the assessment of their property must apply to them in the first instance for relief, and that courts of equity will not interfere by injunction to restrain an irregular or illegal assessment until such relief has been sought and denied.

In *Stanley* v. *Supervisors of Albany*, 121 U. S. 550, the supreme court says: "To these boards of revision, by whatever name they may be called, the citizen must apply for relief against excessive and irregular taxation when the assessing officers had jurisdiction to assess the property." (See High on Injunctions, 3d ed., 485, and authorities cited.)

Courts of equity are very reluctant to interfere by injunction with the collection of the revenue of the government, and will not do so except in cases when the party has no proper relief at law. The plaintiff having returned its list of property that it did own for taxation, and having included in such list property that it did not own, and for the taxation of which it was not liable, according to the well-settled rule, should have ap-

plied to the board of equalization to correct said list, and for relief from the payment of the taxes of which it now complains, and, having failed so to do, it is not entitled to the equitable relief prayed for in its complaint.

It is conceded by the appellant that its bank stock was subject to taxation, provided it was taxed as the property of the individual shareholders. It is not contended that any unjust discrimination as between this bank stock and other moneyed capital in the state has been made in the taxation thereof. It can only be contended that the assessment was illegal in that the capital stock was assessed to the bank instead of the individual shareholders. To correct this irregularity it was the duty of plaintiff to apply to the board of equalization. (*Meyer* v. *Rosemblatt*, 78 Mo. 495; *Oteri* v. *Parker*, 42 La. Ann. 374; *Board* v. *Cattle Co.*, 31 Pac. Rep. 268; *Mead* v. *Haines*, 45 N. W. Rep. 836.)

We think no error has been shown in the action of the court below. The judgment is affirmed.

*Affirmed.*

DE WITT, J., and HUNT, J., concur.

